# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MISA AMANE,**
**Claimant Below, Petitioner**

**vs.)     No. 22-ICA-102**     (BOR Appeal No.: 2058230)
(JCN: 2021012068)

**PAS PARENT, INC.,**
**Employer Below, Respondent**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Misa Amane appeals the August 22, 2022, order of the Workers' Compensation Board of Review ("Board"). Ms. Amane's employer, Respondent Pas Parent, Inc., ("Pas"), filed a timely response.[1] Ms. Amane did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's order denying the addition of chemical burn of unspecified degree of multiple left-hand fingers and contact dermatitis as compensable components of Ms. Amane's workers' compensation claim, and denying treatment for these conditions.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Amane was employed by Pas as a lab technician. In the course of her employment, she sustained a chemical burn injury to her left hand on December 10, 2020. Ms. Amane was acid washing with hydrochloric acid at the time of her injury. Ms. Amane was seen at Beckley Area Regional Hospital ER the same day and complained of hydrochloric acid burns to her left middle and left index finger. Ms. Amane reported experiencing burning and pain at the onset, which had resolved by the time she was seen at the ER. She was diagnosed with a chemical burn to her fingers. The medical provider indicated that Ms. Amane could return to work on December 30, 2020.

---

[1] Petitioner is represented by Reginald D. Henry, Esq. Respondent is represented by Jeffrey M. Carder, Esq.

On December 23, 2020, Ms. Amane had a telehealth visit with Access Health. She complained of limited motion in her middle and index fingers secondary to the chemical burn healing process and possible scar formation.

Ms. Amane was evaluated by Syed A. Zahir, M.D., an orthopedic surgeon specializing in hands, on December 29, 2020. Dr. Zahir found that the blisters had ruptured, and he noted thickening of the skin on the left index and middle finger.

On January 13, 2021, Ms. Amane was seen at Cabell Huntington ER. She stated she had some reduced range of motion in the left hand and her scar tissue was cracking with decreased grip strength and she was having difficulty performing her job duties.

Ms. Amane was seen by Dr. Zahir on January 29, 2021. She complained to Dr. Zahir of difficulties performing her job and difficulty holding onto objects. Dr. Zahir's notes from that visit indicate that the wound was epithelizing with some skin damage on her left index finger. He opined that Ms. Amane should be kept from doing intricate work with her left hand and especially be kept away from chemicals at the present time. Dr. Zahir recommended a consultation with a skin specialist.

Ms. Amane visited the Dermatology Centers in February 2021. The examination revealed dermatitis on the left index finger, left middle finger, left ring finger, left thumb, and right thumb. Her arms were also dry and scaling consistent with atopic dermatitis. Ms. Amane was noted to have a history of atopic dermatitis to the hands and arms. The diagnosis was eczema and atopic dermatitis. She was seen again on April 14, 2021, and diagnosed with dermatitis on the right middle finger, right thumb, right ring finger, left thumb, left index finger, left thumb, and left middle finger.

Ms. Amane filed a claim for workers' compensation benefits and on May 13, 2021, the claim administrator held the claim compensable for chemical burn to the left middle and index fingers.

On May 20, 2021, Ms. Amane was again seen by Dr. Zahir. He found that she had a considerable amount of skin changes present in the left index and middle fingers. Dr. Zahir recommended further evaluation by a dermatologist.

Ms. Amane was evaluated by Jessica Patterson, M.D., a dermatologist, on June 20, 2021. Dr. Patterson found that she suffered from dermatitis and eczema. Dr. Patterson recommended allergen avoidance and topical therapy but opined that if those do not resolve the issue, then systematic therapy, Dupixent, and light therapy can be considered.

On July 29, 2021, Dr. Zahir completed a diagnosis update form with a primary diagnosis of chemical burn unspecified degree of multiple left fingers and a secondary diagnosis of contact dermatitis.

Ms. Amane was evaluated by Jennifer Lultschik, M.D., who specializes in occupational medicine, on August 30, 2021. Dr. Lultschik opined that after Ms. Amane's burns had healed, she began experiencing skin fissuring with regular use and hand washing. Dr. Lultschik found no clinical studies or other medical evidence that indicated localized chemical burns would cause general aggravation of atopic dermatitis. Dr. Lultschik opined Dupixent was not a reasonable treatment for chemical burns.

On September 20, 2021, Ms. Amane was seen by Erica Ghareeb, M.D., a dermatologist. Ms. Amane complained of continuing episodes of dryness, scaling, and fissuring of her hands and fingertips which becomes painful. Dr. Ghareeb diagnosed her with contact dermatitis with a component of dyshidrotic eczema and recommended she start Dupixent.

On October 15, 2021, the claim administrator denied the request to add chemical burns of unspecified degree multiple left fingers and contact dermatitis as compensable components of the claim. On November 22, 2021, the claim administrator denied the request for administration of the medication Dupixent.

Ms. Amane was deposed on January 10, 2022. She testified that she had been diagnosed with eczema on her arms as a child, but she had not been treating it because it was not bad enough to bother her. She testified that she had never been diagnosed with, or treated for, contact dermatitis on her left index or middle fingers. She further testified that during the accident, she got acid on her right hand as well, as she was attempting to rinse it off the left, but the skin burned off only on the left hand. Ms. Amane testified that, since then, she has experienced symptoms on both hands, including the reopening of wounds on her right index finger, although the symptoms are more severe on the left hand.

On April 27, 2022, the Office of Judges ("OOJ") affirmed the claim administrator's orders dated October 15, 2021, and November 22, 2021. On August 22, 2022, the Board affirmed the OOJ's order. Ms. Amane appeals that order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Ms. Amane argues that she has established by a preponderance of the evidence showing that chemical burn of unspecified degree of multiple left fingers and contact dermatitis are the result of her compensable injury. She further argues that due to evidence that those conditions were the result of the compensable injury, treatment should have been authorized.

After review, we conclude that the OOJ was not clearly wrong in finding that Ms. Amane failed to establish that her contact dermatitis was related to her compensable injury. The OOJ found that Dr. Lultschik's report was persuasive and Dr. Lultschik found that there was no evidence that Ms. Amane's dermatitis on both hands was caused by a chemical burn on her left index and middle fingers. The OOJ was also not clearly wrong in finding that Dupixent was not a reasonable treatment for Ms. Amane's compensable chemical burns based on Dr. Lultschik's report.

Ms. Amane argues that because she has never experienced symptoms of dermatitis or eczema on her hands prior to the compensable injury, she is entitled to the presumption set forth in *Moore v. IGC Tygart Valley, LLC*, ___ W. Va. ___, 879 S.E.2d 779 (2022). In *Moore*, the Supreme Court of Appeals held that "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Id.* at Syl. Pt. 5. However, in *Moore*, the Court clarified that even if a claimant is entitled to this rebuttable presumption, "a claimant has the burden of proving that the compensable injury exacerbated, accelerated, or worsened the preexisting injury or disease to the extent that it caused a new distinct injury." *Id.* at 788.

Ms. Amane's claim can be distinguished from *Moore* because she has an extensive history of preexisting symptomatic eczema and dermatitis. Thus, Ms. Amane is not entitled to the presumption set forth in *Moore*. Further, as Dr. Lultschik found, there is no clinical evidence that a localized chemical burn could cause generalized aggravation of dermatitis, especially in places other than where the burn occurred. Therefore, Ms. Amane has not established that the compensable chemical burn exacerbated, accelerated, or worsened her preexisting eczema to the extent that it caused a new distinct injury. Further, Ms. Amane has not established that the Board was clearly wrong when it affirmed the claim administrator's denial of the claimant's request to add acid burns to other fingers of the left hand.

4

Finding no error in the Board's order affirming the OOJ's order, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen